BERZON, Circuit Judge,
with whom THOMAS, Circuit Judge,
joins, concurring:
I concur in the court’s opinion. I write separately to note the narrowness of our holding.
The purpose of criminal forfeiture is to force guilty defendants to “disgorge their ill-gotten gains.” United States v. Newman, 659 F.3d 1235, 1243 (9th Cir.2011) (internal quotation marks omitted). To that end, Congress has articulated a broad conception of what “gains” may be subject to a court’s forfeiture order. See, e.g., 21 U.S.C. § 853(a) (defining “[pjroperty subject to criminal forfeiture” as “(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation,” or “(2) any of the person’s property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.”); 18 U.S.C. § 981(a)(1) (defining property “subject to forfeiture” to include “[a]ny property ... involved in a transaction or attempted transaction in violation of section 1956 ... or any property traceable to such property,” and “[a]ny property ... which constitutes or is derived from proceeds traceable to [such offense]”); id. § 982(a)(1) (requiring courts to order persons convicted of money laundering under 18 U.S.C. § 1956 to “forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property”).
In interpreting those statutes, we have similarly expressed an expansive view of *1085 forfeitable property. See, e.g., Newman, 659 F.3d at 1243 (“‘Requiring imposition of a money judgment on a defendant who currently possesses no assets furthers the remedial purposes of the forfeiture statute by ensuring that all eligible criminal defendants receive the mandatory forfeiture sanction Congress intended and disgorge their ill-gotten gains, even those already spent.’ ”) (quoting United States v. Casey, 444 F.3d 1071, 1074 (9th Cir.2006)).
Notwithstanding our broad understanding of what property courts may order to be forfeited, fundamentally, forfeiture is about losing or giving up that property. See Webster’s Collegiate Dictionary 491 (11th ed.2003) (defining “forfeiture” as “the loss of property or money”); Black’s Law Dictionary (defining “forfeiture” as “divestiture of property without compensation”). And, it would seem axiomatic that one must gain or possess property before one can lose it. Put simply, by definition one cannot “forfeit” that which he never had in the first place.
Here, the district court ordered Davis to forfeit $1,290,000. This amount represented nearly the total amount of money Davis and Rice laundered for undercover FBI agents between March 2008 and March 2009. It is undisputed that Davis kept for himself as commission only $73,782 of the approximately $1.29 million in laundered funds. Davis has not challenged the district court’s order on the grounds that forfeiture of the full $1.29 million was improper because he only took a percentage of that amount as compensation.
Our opinion (correctly) does not address that issue; we hold only that Davis was not entitled to an offset of his forfeiture amount. I am somewhat dubious that the $1.29 million of other people’s money that Davis laundered is an appropriate measure of the amount that could be forfeited. But as the issue has not been raised, we can leave to another day the question whether a defendant who essentially is paid a commission on other people’s money he handles as part of an illegal scheme can be made to “forfeit” funds that passed through his hands but, it appears, were never his.